NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA BAUERLE, | No. 14-16872 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-00532-CKJ |
| v. | |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Patricia Bauerle appeals pro se from the district court's judgment dismissing

her action brought under the Americans with Disabilities Act and 42 U.S.C.

§ 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Bauerle's § 1983 claims against the private defendants because Bauerle failed to allege facts sufficient to establish that these defendants' actions were fairly attributable to the state. *See Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977) ("[P]rivate hospitals and physicians have consistently been dismissed from [section] 1983 actions for failing to come within the color of state law requirement . . . ."); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("[T]he plaintiffs could not possibly win relief and [therefore] the dismissal was appropriate even though it was on the court's own motion."). In light of this determination, we do not consider Bauerle's contention regarding the timeliness of her First Amendment claims against private defendants.

The district court did not abuse its discretion in dismissing Bauerle's § 1983 claims against the private defendants without leave to amend because amendment would be futile. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court properly dismissed Bauerle's claims against the Arizona Department of Health Services as barred by the Eleventh Amendment. *See Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir.

14-16872

1990) (claims seeking prospective relief against a state agency are barred by the Eleventh Amendment where the plaintiff fails to name any state officials).

The district court properly dismissed Bauerle's claims against the United States Department of Health and Human Services because Bauerle did not allege facts sufficient to establish that a federal agent acted under the color of state law. *See Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983) (discussing requirements under § 1983 to determine whether a federal agency acted under the color of state law).

The district court did not err in failing to sua sponte recuse itself because Bauerle did not demonstrate extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *Noli v. Comm'r.*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (alteration in original) (citation and internal quotation marks omitted)).

The district court properly determined that obstruction of justice was not a cognizable civil cause of action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFRIMED.**

14-16872